UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ISLAS C.,[1]<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | No. 1:26-cv-06895-TLN-CKD<br><br>A# 216-182-124<br><br>**RELEASE ORDER** |

This matter is before the Court on pro se Petitioner Juan Islas C.'s ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (ECF No. 1.) Respondent filed a reply. (ECF No. 6.) For the reasons set forth below, the Petition is GRANTED and Respondent is ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is an asylum-seeker who entered the United States as a minor with his mother on February 5, 2018. (ECF No. 6-1 at 4; ECF No. 2 at 3; ECF No. 6-3 at 3.) He and his family surrendered to a U.S. Customs and Border Patrol at the border, were detained, processed, placed in removal proceedings, and released on parole. (ECF No. 2 at 3; ECF No. 6-1 at 4–6.) In the time since, Petitioner went to middle school and high school, obtained a work permit and driver's license, and worked as a roofer. (ECF No. 2 at 3.) Petitioner complied with the conditions of his release. (*Id.*) Petitioner maintains that he is not a danger or a flight risk. (ECF No. 1 at 6.)

In 2022, an immigration judge ("IJ") denied Petitioner's application for asylum and withholding of removal and ordered Petitioner removed to his country of citizenship. (ECF No. 6-3 at 6–7.) Petitioner appealed, and on March 5, 2025, the Board of Immigration Appeals ("BIA") issued an order finding the IJ's decision did not contain sufficient findings or analysis for meaningful appellate review. (*Id.* at 4.) The BIA remanded the matter back to the IJ for further proceedings. (*Id.* at 5.) Petitioner's immigration proceedings remain ongoing, and he has a hearing scheduled for July 5, 2028. (ECF No. 6-1 at 2.)

On June 22, 2026, Petitioner was arrested by local authorities in Florida for driving without a license.[2] (*Id.*; ECF No. 6-2) This is his only criminal history, and there is no evidence on the record showing charges have been filed. (*Id.*) Petitioner paid bond, but instead of being released was transferred to the custody of U.S. Immigration and Customs Enforcement. (ECF No. 6-1 at 2; ECF No. 2 at 3.) He was eventually transferred to the California City detention center. (ECF No. 1 at 2.)

Petitioner filed this Petition on August 28, 2026. (*Id.* at 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.* at 6–7.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[2] Petitioner states that he was arrested on June 19. (ECF No. 2 at 3.) For purposes of this Court's analysis, the difference in dates is immaterial.

(citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention without notice or a hearing violates the Fifth Amendment Due Process Clause.[3] (ECF No. 1 at 6.) In reply, Respondent contends Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)"). (ECF No. 6 at 1.) Respondent concedes however that *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) holds that 8 U.S.C. § 1226(a) ("§ 1226(a)") governs Petitioner's detention and he is entitled to seek a custody redetermination hearing. (*Id.*)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the

[3] The Court liberally construes Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. The government's decision to release Petitioner on parole was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Petitioner maintains that he complied with the conditions of his release, and Respondent does not claim otherwise. Petitioner has lived in the United States for approximately eight years after entering as a minor. In that time, he went to school, obtained lawful employment, and pursued his asylum case which remains pending. The amount of time Petitioner spent living freely in this country and the life he built in that time create a powerful interest for Petitioner in his continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly).

The Court rejects Respondent's argument that Petitioner is subject to mandatory detention under § 1225(b)(2). As Respondent acknowledges, the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez*, 2026 WL 2196424 at *3. The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under § 1226(a). *Id.* at *3. Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

B Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). These factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a significant private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See*, 787 F. Supp. 3d at 1094.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Respondent does not argue Petitioner is a danger or a flight risk. As Petitioner's criminal history is limited to the single arrest that preceded his current detention and he has demonstrated ties to his community and an interest in continuing to appear at hearings for his asylum case, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest in detaining Petitioner without notice or a hearing is low, and the effort and cost required to provide him with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Notice and custody determination hearings are routine processes for Respondent. Indeed,

they are the very processes required under § 1226(a) and its implementing regulations. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondent articulates no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds due process required that Petitioner receive notice and a hearing before a neutral decisionmaker prior to detention to determine whether his detention was justified. He received neither. Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.[4]

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. It is FURTHER ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Juan Islas C. (A# 216-182-124) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and provide a copy of this Order. Respondent must file a **notice certifying compliance** with this provision **within two (2) court days** from the date of this Order.

2. Respondent is ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED as moot.

---

[4] As the Court finds Petitioner is entitled to habeas relief on his Fifth Amendment claims, the Court declines to address Petitioner's additional constitutional and statutory claims in favor of judicial economy.

4. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED: September 4, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE